[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12832

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TORY LENARD TROUP,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00214-SCJ-1

_____

Before JORDAN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Tory Troup appeals his total sentence after being convicted of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846; and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956. Specifically, Mr. Troup challenges the enforceability of his appeal waiver as applied to the district court's order of forfeiture, and he argues that the district court abused its discretion in reaching that decision. The government now moves to dismiss the appeal as barred by Troup's appeal waiver. [1]

Ordinarily, "[t]he voluntariness of a guilty plea is a question of law reviewed *de novo*." *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). But, where the defendant neither objects to the plea proceedings nor moves to withdraw the plea, we review the district court's compliance with Fed. R. Crim. P. 11 only for plain error. *See United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003); *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). Moreover, issues not raised in an initial brief are forfeited and generally deemed abandoned. *See United States v. Campbell*, 26 F.4th 860, 871-72 (11th Cir.) (en banc), *cert. denied*, 143 S. Ct. 95 (2022). An appellant fails to brief a claim when he does not "plainly

---

[1] We note that, although the district court also denied certain motions filed by Mr. Troup in 2023, he did not file a new notice of appeal thereafter and, in any event, does not expressly challenge that ruling now on appeal.

and prominently" raise it, such as by devoting a discrete section of his argument to the claim. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted).

We review the validity of a sentence appeal waiver *de novo*. *See United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

To establish that a waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *See id.* The government cannot show that an appeal waiver was knowing and voluntary from an examination of the text alone. *See id.* at 1352. A waiver is enforceable if the defendant claimed to understand it during the plea colloquy, confirmed that he had read the plea agreement and knew it was binding, and entered into the plea agreement freely and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1323-24, 1333 (11th Cir. 2001) (holding that a waiver is valid where it was "referenced" at the Rule 11 hearing and where the district court established that the defendant had read and understood "every page and every word" of the plea agreement). Criminal forfeiture constitutes a part of a defendant's sentence. *See Libretti v. United States,* 516 U.S. 29, 39 (1995).

Here, Mr. Troup waived his right to appeal his total sentence, including the forfeiture of property, by knowingly and voluntarily entering an appeal waiver as part of his plea agreement. *See Bushert*, 997 F.2d at 1351. Specifically, the plea agreement signed by him contained an explicit sentence appeal waiver in which he waived the right to appeal except in certain specified scenarios. The district court then ensured that he understood that he was waiving the right to appeal his total sentence except in the specified situations by having the government read out the terms of the waiver and by questioning him about the waiver. *Bushert*, 997 F.2d at 1351. His argument that his acceptance of the waiver was not knowing and voluntary due to the court's failure to explicitly discuss forfeiture is without merit, as it is settled law that criminal forfeiture is included under the umbrella of a defendant's sentence. *See Libretti,* 516 U.S. at 39. Further, his plea agreement, which he testified that he read, understood, and discussed with his attorney, expressly stated that he waived the right to appeal a forfeiture determination, though not in the appeal waiver section. *See Weaver*, 275 F.3d at 1323-24, 1333.

In sum, Mr. Troup knowingly and voluntarily gave up his right to appeal the district court's forfeiture determinations. Additionally, none of the exceptions to the waiver apply to this case. Specifically: (i) the district court did not depart or vary upward from the applicable guideline range (292-365 months' incarceration) before sentencing Mr. Troup; (ii) he does not argue that his attorney was constitutionally ineffective below; and (iii) the government did not file a cross-appeal.

22-12832               Opinion of the Court                    5

Accordingly, the government's motion is **GRANTED,** and Mr. Troup's appeal is **DISMISSED**.

**APPEAL DISMISSED.**